IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST SERIES INABS 2006-A, HOME EQUITY MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES INABS 2006-A, ) ) ) ) ) ) ) ) | Civil Action No. 3:17cv833 |
| *Plaintiff*, ) ) | |
| *v*. ) ) | |
| CRAIG BUCK, and THE BUCK LAW FIRM, PC, ) ) ) | |
| *Defendants*. ) | |

## COMPLAINT

Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates Series INABS 2006-A ("Plaintiff" or "Deutsche Bank"), for its Complaint against Defendants The Buck Law Firm, PC ("Buck Law"), and Craig Buck (together with Buck Law, collectively, "Defendants") avers:

1. Deutsche Bank is a wholly-owned subsidiary of Deutsche Bank Holdings, Inc., which is a wholly-owned subsidiary of Deutsche Bank Trust Corporation, which is a wholly-owned subsidiary of Deutsche Bank AG, a banking corporation organized under the laws of the Federal Republic of Germany. Deutsche Bank files this action in its capacity as trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A.

2. The Buck Law Firm, PC is a Virginia corporation that maintains its principal place of business in Fredericksburg, Virginia and is in the business of conducting real estate closings.

3. Upon information and belief, Craig Buck is a real estate closing attorney who resides in Fredericksburg, Virginia.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the parties to this action pursuant to 28 U.S.C. § 1332.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

**FACTUAL BACKGROUND**

6. On or about March 15, 2016, a sale of real property (the "Closing Transaction") occurred transferring property located at 9910 Windridge Drive, Fredericksburg, VA 22407 (the "Property") from Plaintiff to Land Trust Windridge ("Buyer"). A true and accurate copy of the Deed evidencing the Closing Transaction is attached as **Exhibit 1**.

7. As part of the Closing Transaction, Buyer was to transfer to Plaintiff payment in the amount of $158,671.80 (the "Closing Funds"). Attached hereto as **Exhibit 2** is the signed Settlement Statement.

8. Buck Law was the entity that handled the Closing Transaction and Craig Buck, in particular, was the attorney who handled the Closing Transaction.

9. At all times relevant to this action, Plaintiff employed Altisource Portfolio Solutions ("Altisource"), as a title and escrow service. Altisource was responsible for holding the Closing Funds in escrow for Plaintiff.

10. On or about February 12, 2016, Altisource sent wiring instructions to Defendants, attached hereto as **Exhibit 3** (the "Closing Instructions"). As part of those closing instructions, Altisource identified a bank account with JP Morgan Chase Bank belonging to Ocwen Loan Servicing, LLC ("Ocwen"), a servicing agent for Plaintiff, and ending in -8875 as the account into which the Closing Funds should be wired. See Ex. 3.

11. The Closing Instructions further provided that the proceeds from the sale "must be **wired** **within 24 hours** of closing unless otherwise directed in writing by the assigned closing coordinator." See Ex. 3.

12. To the extent the funds are not received within 24 hours of closing, the "[c]losing agent will be charged per diem interest for each day after the expiration of the 24 hours." See Ex. 3.

13. The email address that Altisource used to send the Closing Instructions ended in "@altisource.com."

14. The Closing Instructions listed the account name for the account into which the Closing Funds were to be wired as "Ocwen Loan Servicing, LLC Wire Clearing Account in Trust for Various Investors and Mortgagors."

15. Upon information and belief, the Closing Transaction took place on March 15, 2016 and the Closing Funds were tendered to Defendants by the Buyer.

16. The Closing Funds were not wired pursuant to the Closing Instructions within 24 hours of closing.

17. Instead, on or about March 28, 2016, an unknown third party purporting to be Altisource emailed wiring instructions to Defendants, attached hereto as **Exhibit 4** (the "Fraudulent Closing Instructions"). The Fraudulent Closing Instructions identified a bank

account with Wells Fargo ending in -0514 as the account into which the Closing Funds should be wired.

18. Upon information and belief, the email address that the third party used to send the Fraudulent Email ended in "@altisources.org."

19. The Fraudulent Closing Instructions listed the account name for the account into which the Closing Funds were to be wired as "Jolly Realty Corp."

20. Upon information and belief, Defendants, despite receiving two sets of wiring instructions from different sources, did not confirm with Altisource or any other party associated with the seller/Plaintiff where the funds should be wired or which instructions were correct.

21. Instead, upon information and belief, Defendants wired the funds to the account at Wells Fargo ending in -0514 pursuant to the Fraudulent Closing Instructions.

22. To date, the Closing Funds have not been wired pursuant to the Closing Instructions.

23. Neither Plaintiff or any of its agents have received the Closing Funds.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

24. Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 24 of the Complaint.

25. Defendants were contractually bound to effectuate the sale of the property, including remitting the sales proceeds pursuant to the Closing Instructions.

26. As part of the Closing Transaction, Defendants were to transfer the Property from Plaintiff to Buyer and, in exchange, Defendants were to remit to Altisource, as agent for Plaintiff, the Closing Funds.

27. Through a lack of reasonable care, Defendants failed to follow the Closing Instructions.

28. In failing to follow the Closing Instructions, Defendants did not perform the duties for which they were retained and breached such duties.

29. Prior to the Closing Transaction, Altisource, as agent for Plaintiff, provided Defendants with the Closing Instructions which listed, among other things, the names of the Seller and Buyer, the names and contact information of the listing agent and selling agent, the Property address, and the potential purchase price of the Property. Ex. 3.

30. The Closing Instructions contained language that stated "Please read the directions below and follow carefully. If you have any questions, please contact your Altisource Closing coordinator" and identifies the Altisource contact. Ex. 3.

31. Altisource's conveyance of the Closing Instructions to Defendants on Plaintiff's behalf set forth the terms of the performance which was expected of Defendants.

32. By communications with Altisource and by effecting the wire transfer of the Closing Funds, Defendants manifested their intention to abide by the terms of the Closing Instructions, evidencing a valid contractual relationship between Defendants and Plaintiff.

33. By wiring the Closing Funds to the bank account listed in the Fraudulent Closing Instructions, Defendants breached their contractual duties.

34. By failing to wire the Closing Funds within 24 hours of the closing, Plaintiff is entitled to the per diem interest for each day since March 16, 2016 (24 hours after the closing).

35. Further, in addition to the interest due and owing Plaintiff, as a direct result of Defendants' breach of contract, Plaintiff was damaged in the amount of at least $158,671.80.

## SECOND CLAIM FOR RELIEF – NEGLIGENCE

36. Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 1-34 of the Complaint.

37. As the closing attorney in a transaction intended to inure for the benefit of Plaintiff, Defendants had a legal duty to convey the Closing Funds to Plaintiff's agent.

38. Defendants, having received two sets of wiring instructions which were inconsistent, failed to confirm which set of instructions were correct and wired the funds pursuant to the Fraudulent Closing Instructions.

39. Through their negligence, Defendants did not convey the Closing Funds to Plaintiff or Plaintiff's agent as provided in the Closing Instructions.

40. By completing the Closing Transaction without transferring the Closing Funds to Plaintiff, Defendants deprived Plaintiff of the proceeds of the Closing Transaction in the amount of $177, 949.00.

41. In addition, Defendants deprived Plaintiff of its security in the Property without any consideration.

42. As a direct result of Defendants' negligence, Plaintiff was damaged in an amount not less than $158,671.80.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1) Actual damages in the amount of $158,671.80;

2) Per diem interest from March 16, 2016;

3) Trial by jury;

4) Reasonable attorney's fees and costs of this litigation; and

    5)    Such other further relief as this Court deems just and proper.

Dated: December 15, 2017

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST SERIES INABS 2006-A, HOME EQUITY MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES INABS 2006-A

/s/ D. Kyle Deak
D. Kyle Deak (VSB No. 65391)
Troutman Sanders LLP
434 Fayetteville Street, Suite 1900
Raleigh, North Carolina 27601
Telephone: (919) 835-4133
Facsimile: (919) 829-8725
E-mail: kyle.deak@troutman.com

Jessica A. Clark (VSB No. 90627)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7729
Facsimile: (757) 687-1510
E-mail: jessica.clark@troutman.com

*Counsel for Plaintiff Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates Series INABS 2006-A*