**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST, | ) | |
| COMPANY, AS TRUSTEE FOR | ) | |
| HOME EQUITY MORTGAGE LOAN | ) | |
| ASSET-BACKED TRUST SERIES | ) | |
| IN ABS 2006-A, HOME EQUITY | ) | |
| MORTGAGE LOAN ASSET-BACKED | ) | |
| CERTIFICATES SERIES IN ABS 2006-A | ) | Civil Action No. 3:17-cv-833 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CRAIG BUCK, and | ) | |
| THE BUCK LAW FIRM, PC, | ) | |
| | ) | |
| Defendants, and Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALTISOURCE PORTFOLIO SOLUTIONS, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## THIRD-PARTY COMPLAINT OF CRAIG BUCK AND THE BUCK LAW FIRM, PC

Defendant and Third-Party Plaintiffs Craig Buck ("**Mr. Buck**") and The Buck Law Firm, PC ("**The Firm**" and together with Mr. Buck, "**The Lawyers**"), by counsel, provide as follows for their Third-Party Complaint against Altisource Portfolio Solutions, Inc.

## PARTIES, JURISDICTION AND VENUE

1.      Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates Series INABS 2006-A ("**Deutsche Bank**") is a wholly owned subsidiary of Deutsche Bank Trust Corporation, which is a wholly owned subsidiary of Deutsche Bank AG, a banking

corporation organized under the laws of the Federal Republic of Germany.

2.      Defendant and third-party plaintiff Craig E. Buck is a resident of the Commonwealth of Virginia who, at all times relevant, was a practicing lawyer licensed by the Virginia State Bar.

3.      Defendant and third-party plaintiff The Buck Law Firm, PC is the professional corporation owned and operated by Mr. Buck, with its principal place of business located at 1109 Heatherstone Dr. # 100 in Spotsylvania County, Virginia.

4.      Third-party defendant Altisource Portfolio Solutions, Inc. ("**Altisource**") is a Georgia corporation with its principal place of business located at 1000 Abernathy Road, Suite 200, Atlanta, Georgia 30328.  It performs real estate services, including acting as agent of Deutsche Bank in connection with the real estate closing transaction that is the subject of the Complaint filed by Deutsche Bank against the Lawyers in this case.

5.      Jurisdiction is proper in this Court pursuant to 28 U.S. Code § 1367(a).

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the Lawyers' claim against Altisource arises out of the same transaction that is the subject of the Complaint.

## FACTS

7.      This action involves claims for damages arising out of a real estate transaction in which settlement funds intended to be directed to Deutsche Bank were misdirected to a non-party.

8.      The underlying Complaint filed by Deutsche Bank alleges that on March 15, 2016, the Lawyers performed a closing transaction transferring property from Deutsche Bank to Land Trust Windridge (the "Closing"), which they did.

9.     Deutsche Bank engaged Altisource to serve as its agent to communicate with the parties to the transaction and facilitate the sale and Closing.

10.     Altisource's involvement included communicating with the Lawyers to convey information and instructions from Deutsche Bank.

11.     Included among Altisource's duties to Deutsche Bank was to convey to the Lawyers payoff instructions for the Closing.

12.     Sometime during the month of March, 2016, in the weeks leading up to the Closing date, Altisource's email accounts were hacked by an unknown non-party.

13.     Confidential email communications containing the financial information of Altisource's customers, like Deutsche Bank, were exposed to this non-party hacker.

14.     The non-party hacker intercepted email exchanges between the Lawyers and Altisource regarding the Closing.

15.     With information obtained through the hack, the non-party learned about the Closing, enabling that person to learn that funds were supposed to be paid from Windridge to Deutsche Bank about mid-March, 2016.

16.     The non-party mimicked the email addresses used by Altisource agents and instructed the Lawyers to wire Closing funds due to Deutsche Bank to a Wells Fargo account that did not belong to or benefit Deutsche Bank.

17.     The Lawyers received purchase money from Land Trust Windridge at Closing and, on March 18, 2016, wired a disbursement of $158,671.80 to the Wells Fargo account held by the non-party hacker, believing it was in custody and control of Deutsche Bank or its agents.

18.     Altisource knew or should have known of the hacking that had been taking place in its email accounts during March, 2016 and, in any event, failed to notify and warn its

customers (like Deutsche Bank) or those with whom it had business (like the Lawyers).

19.     Despite the Closing occurring on March 15, 2016, Altisource did not inquire with or even contact the Lawyers about the Closing or the whereabouts of the property sale proceeds until the latter part of April, 2016, making it impossible to recover the wired funds.

20.     As a result of the misdirection of these funds and inability to recover them from the non-party hacker, Deutsche Bank has made claims against the Lawyers seeking $158,671.80, per diem interest, and reasonable attorney fees and costs in this case on theories of negligence and breach of contract.   See Complaint attached as **Exhibit 1** and docket # 1.

21.     The Lawyers deny any negligence or breach by them was a proximate cause of the damages alleged by Deutsche Bank.

## CONTRIBUTION AND INDEMNITY

22.     The Lawyers hereby incorporate and reallege those allegations made in paragraphs 1-21 above as if restated here verbatim.

23.     At all relevant times, Altisource owed a duty to Deutsche Bank to use reasonable care in securing the confidential and financial information flowing through its email accounts and servers.

24.     At all relevant times, Altisource owed a duty to Deutsche Bank to use reasonable care in the conduct of its business, including maintaining close communication with the Lawyers regarding the Closing and related payoff instructions.

25.     At all relevant times, Altisource owed a duty to Deutsche Bank to prevent hackers from pirating Deutsche Bank's financial information and business transactions.

26.     At all relevant times, Altisource owed Deutsche Bank a duty to discover and remedy breaches of its information systems security before breaches resulted in Deutsche Bank's

financial loss.

27.     At all relevant times, Altisource owed Deutsche Bank a duty to quickly notify vendors and businesses with which Deutsche Bank conducts business (like the Lawyers) about breaches of its cybersecurity affecting its communications with those vendors and businesses.

28.     Altisource negligently breached each of these duties stated in paragraphs 23 through 27 above, and its negligence and breaches proximately caused the damages that Deutsche Bank claims are owed to it by the Lawyers, as pled in the Complaint.

29.     In the event that the Lawyers, or either of them, are held liable to Deutsche Bank in this lawsuit, the Lawyers are entitled to equitable indemnification by Altisource.

30.     In the alternative, if the Lawyers, or either of them, are found liable for any portion of Deutsche Bank's alleged damages in this lawsuit, they are entitled to contribution from Altisource.

WHEREFORE, Craig Buck and The Buck Law Firm, PC, by counsel, request judgment against Altisource Portfolio Solutions, Inc. in an amount equal to any damages or recovery by Deutsche Bank against either of them, including Deutsche Bank's claimed interest, attorney fees, and court costs.

**TRIAL BY JURY IS DEMANDED.**


Dated: January 29, 2018                    Respectfully submitted,

                                           **CRAIG BUCK, and**
                                           **THE BUCK LAW FIRM, PC**

                                           By Counsel

  ___/s/ *Andrew Biondi*_____
Andrew Biondi (VSB No. 48100)
SANDS ANDERSON PC
1111 East Main Street, Suite 2400 (23219)
Post Office Box 1998
Richmond, VA 23218-1998
Phone: (804) 648-1636
Facsimile:  (804) 783-7291
E-Mail: abiondi@sandsanderson.com
*Counsel for Defendants and Third-Party Plaintiffs*


<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on January 29, 2018, I electronically filed the foregoing with the

Clerk  of Court using the CM/ECF system, which will send a notification of electronic filing

to:

| D. Kyle Deak, Esq.<br>Troutman Sanders LLP<br>434 Fayetteville Street, Suite 1900<br>Raleigh, NC 27601<br>(919)8335-4133 (O)<br>(919)829-8725 (fax)<br>Email: kyle.deak@troutman.com | Jessica A. Clark, Esq.<br>Troutman Sanders LLP<br>222 Central Park Avenue, Suite 2000<br>Virginia Beach, VA  23462<br>(757)687-7729 (O)<br>(757)687-1510 (fax)<br>Email: Jessica.clark@troutman.com |
|---|---|

     /s/ *Andrew Biondi*_____
    Andrew Biondi (VSB No. 48100)
    SANDS ANDERSON PC
    1111 East Main Street, Suite 2400
    (23219)  Post Office Box 1998
    Richmond, VA  23218-1998
    Phone:  (804) 648-1636
    Facsimile:  (804) 783-7291
    E-Mail: abiondi@sandsanderson.com
    *Counsel for Defendants and*
    *Third-party Plaintiffs*