**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

DEUTSCHE BANK NATIONAL TRUST,
COMPANY, AS TRUSTEE FOR
HOME EQUITY MORTGAGE LOAN
ASSET-BACKED TRUST SERIES
IN ABS 2006-A, HOME EQUITY
MORTGAGE LOAN ASSET BACKED
CERTIFICATES SERIES IN ABS 2006-A

      *Plaintiff*,

v.                                                    Civil Action No. 3:17-cv-833

CRAIG BUCK, and
THE BUCK LAW FIRM, PC,

      *Defendants and Third-Party Plaintiffs*,

v.

ALTISOURCE PORTFOLIO SOLUTIONS, INC.,

      *Third-Party Defendant*.

**ALTISOURCE PORTFOLIO SOLUTIONS, INC.'S REPLY
TO THIRD-PARTY PLAINTIFF'S BRIEF IN RESPONSE**

Third-Party Defendant, Altisource Portfolio Solutions, Inc. ("**Altisource**"), by counsel, submits this Reply to Third-Party Plaintiff's Brief in Response ("**Response**") to Altisource's Motion to Dismiss, filed by Craig Buck and The Buck Law Firm, PC (collectively, the "**Buck Parties**").

**PRELIMINARY STATEMENT**

The Buck Complaint, as filed, is both short on facts and the law. As Altisource demonstrated in its Motion to Dismiss, the Buck Complaint lacks any factual support for the bald assertion that Altisource was the victim of a hack. Further, the Buck Complaint fails to state

claims for contribution and indemnity under any applicable law. Recognizing these shortcomings, the Buck Parties utilize their Response to introduce new facts and new legal theories <u>not contained</u> in the Buck Complaint. And yet, these new facts are still insufficient to state plausible claims. Further, none of the new law establishes a duty (or breach) on which the Buck Parties can rely. Indeed, the two federal statutes cited in the Response provide for only government enforcement of an alleged violation, and neither provides a private right of action. And the two state statutes are inapplicable to the facts here. For the additional reasons contained herein, Altisource requests the Buck Complaint be dismissed.

## I. BUCK'S NEW STATUTORY CITATIONS DO NOT SALVAGE THEIR CLAIMS FOR CONTRIBUTION AND EQUITABLE INDEMNIFICATION, WHICH REMAIN BARRED BY THE SOURCE OF DUTY RULE.

The Buck Parties concede that the Supreme Court of Virginia does not recognize a common law duty to safeguard private information.[1] Instead, the Response employs a scattershot approach that relies on alleged violations of various state and federal statutes in an attempt to identify a tort duty and avoid the source of duty rule. Despite making no mention of these alleged statutory violations in the Buck Complaint, the Response now relies on the Gramm-Leach-Bliley Act (the "**GLBA**"), Section 5 of the Federal Trade Commission Act (the "**FTCA**"), the Virginia Consumer Protection Act (the "**VCPA**") and Virginia's database breach notification statute, Virginia Code § 18.2-186.6 (the "**Notice Statute**") as forming the basis for the alleged tort duties owed by Altisource to Deutsche Bank.

---

[1] The Buck Parties attempt to argue that recent precedent "lays the foundation for the recognition for that duty," but fail to identify any case addressing similar facts and finding a duty to (1) use reasonable care in safeguarding a **third-party's** personal information and (2) to notify third-parties of a breach of that personal information. (Response at 21, ECF No. 16.)

### A. *Neither the GLBA nor the FTCA provide a private right of action.*

The Buck Parties' claims remain barred by the source of duty rule because the GLBA and the FTCA do not create a private right of action or actionable tort duty separate from the contract between Altisource and Deutsche Bank. It is well settled Virginia law that a private right of action is *not* automatically created by a penal or regulatory statute. *Black & White Cars, Inc. v. Groome Transportation.*, 247 Va. 426, 430, 442 S.E.2d 391, 394 (1994); *Koschene v. Hutchinson*, 73 Va. Cir. 103 (2007). The statute must explicitly create a private right of action, and that remedy is exclusive unless the statute provides otherwise. *See Vansant and Gusler, Inc. v. Washington,* 245 Va. 356, 360, 429 S.E.2d 31, 33 (1993) (quoting *School Board v. Giannoutsos*, 238 Va. 144, 147, 380 S.E.2d 647, 649 (1989)); *Koschene*, 73 Va. Cir. 103.

There is no private right of action under the GLBA. *See Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) (holding that no private right of action exists for alleged violations of the GLBA); *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 893 F. Supp. 2d 75, 83 (D.D.C. 2012), *aff'd in part, rev'd in part*, 787 F.3d 524 (D.C. Cir. 2015) (same); *Fero v. Excellus Health Plain, Inc.*, 236 F. Supp. 3d 735, 777 (W.D.N.Y. 2017), *on reconsideration sub nom. Fero v. Excellus Health Plan, Inc.*, No. 6:15-CV-06569 EAW, 2018 WL 507320 (W.D.N.Y. Jan. 19, 2018) (same)*; Newcomb v. Cambridge Home Loans, Inc.*, 861 F. Supp. 2d 1153, 1163 (D. Haw. 2012) (same); *Quasem v. Guidance Residential, LLC*, No. CIV. PJM 11-1836, 2012 WL 909297, at *3 (D. Md. Mar. 14, 2012) (same). The GLBA makes no mention of a private right of action or duty actionable in tort. Instead, the statute clearly charges the Federal Trade Commission (the "**FTC**") with enforcement of its requirements. 94 U.S.C. § 6805.

Similarly, there is no private right of action under the FTCA. *King v. Wilmington Transit Co.*, 976 F. Supp. 356, 358 (E.D.N.C. 1997), *aff'd,* 155 F.3d 559 (4th Cir. 1998) (recognizing that other courts have unanimously held that Congress did not intend to create a private cause of

3

action by enacting the FTCA); *Olds v. Bank of Am., N.A.*, 573 F. App'x 710, 711 (10th Cir. 2014) (recognizing there is no private right of action under the FTCA); *Caron v. Fletcher Jones Motor Cars, Inc.*, 715 F. App'x 803, 804 (9th Cir. 2018) (same); *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 176 (5th Cir. 2016) (same); *Fulton v. Hecht,* 580 F.2d 1243 (5th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1789, 60 L.Ed.2d 241 (1979); *Dreisbach v. Murphy,* 658 F.2d 720 (9th Cir.1981) (explaining that the FTCA rests remedial power solely in the FTC and there is no private right of action to bring a claim under the FTCA). The Buck Parties cite 15 U.S.C. § 45(a)(1) as creating a duty actionable in tort. Their argument, however, overlooks the subsection that immediately follows, 15 U.S.C. § 45(a)(2), which vests the FTC with sole and exclusive authority to enforce the FTCA.[2]

In the absence of a private right of action under the GLBA and the FTCA, the Buck Parties' claims for negligence based on these federal statutes should be rejected. As the Buck Parties acknowledge in the Response, Virginia common law does not impose a duty on Altisource to safeguard its email system. (Response at 22-23, ECF No. 16.) Because the statutes do not explicitly create such a duty, there is no support for the Buck Parties' request for this Court to create a new common law duty for purposes of this case. *See Herndon v. St. Mary's Hosp. Inc.*, 266 Va. 472, 476, 587 S.E.2d 567, 569 (2003) ("[A] statutory provision will not be held to change the common law unless the legislative intent to do so is plainly manifested."). Without a legal duty of care imposed on Altisource, the Buck Parties' negligence claims fail as a matter of law.

---

[2] Indeed in the Response, the Buck Parties appear to acknowledge the FTC's exclusive enforcement authority: "[i]n recent years, the Federal Trade Commission has brought a number of actions . . ." (Response at 12, ECF No. 16.)

### B. The Buck Parties' reliance on the Virginia Consumer Protection Act is misplaced.

Similar to its assertion regarding alleged duties arising under the GLBA and the FTCA, the Response claims, for the first time, a duty stemming from the VCPA (Virginia Code Section 59.1-196 *et seq*.), which prohibits "[m]isrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits." Va. Code § 59.1-200(A)(5). To state a claim under the VCPA, the plaintiff must allege (1) a fraudulent act (2) by a supplier (3) in a consumer transaction. *Curtis v. Propel Prop. Tax Funding, LLC*, 265 F. Supp. 3d 647, 654 (E.D. Va. 2017). The Buck Complaint fails to plead any facts remotely approaching such a claim.

As an initial matter, nowhere in the Buck Complaint do the Buck Parties identify any misrepresentation covered by the VCPA.[3] Instead, the Buck Parties' claim involves Altisource's alleged failure to safeguard confidential information and notify Deutsche Bank and the Buck Parties of an alleged hack by an unknown third-party. The Response thus ignores the allegations in the Complaint and attempts to assert new facts and causes of action.

Further, the Buck Complaint fails to allege a consumer transaction covered by the VCPA. The VCPA defines "consumer transaction" as "[t]he advertisement, sale, lease, license, or offering for sale, lease or license, of goods or services <u>to be used primarily for personal, family or household purposes</u>." Va. Code § 59.1-198. The Buck Parties' have not, and cannot, allege that Altisource provided services to be used primarily for personal, family or household purposes. As described in both the Deutsche Bank Complaint and the Buck Complaint, the transaction was a commercial transaction involving sophisticated companies (Deutsche Bank Compl. at ¶¶ 6-9; Buck Compl. at ¶¶ 1-4.); it did not involve "dealings between suppliers and the consuming public." Va. Code § 59.1-197. For these reasons, the VCPA does not establish any

---
[3] While not in the Complaint, the Response attempts to rely on representations made on Altisource's website (Response at 13, ECF No. 16.)

legal duties owed by Altisource, and the Buck Parties' claims for equitable indemnification and contribution remain barred by the source of duty rule.

### C. The Buck Parties' Reliance on Virginia Code Section 18.2-186.6, is also deficient.

Finally, the Response attempts, again for the first time, to assert a duty arising from Virginia Code Section 18.2-186.6. The Notice Statute requires entities that maintain computerized data, including personal information, to disclose, without unreasonable delay, any breach of its security system upon discovery or notification of the breach. Va. Code § 18.2-186.6(B). Notice of such breach must go to the Office of the Attorney General and any affected resident of the Commonwealth of Virginia. *Id*.

The Buck Complaint makes no mention of any alleged violation of the Notice Statute. Moreover, the factual allegations do not support a cause of action under the Notice Statute. The Notice Statute defines "[b]reach of the security of the system" as the

> unauthorized access and acquisition of unencrypted and unredacted computerized data that compromises the security or confidentiality of personal information maintained by an individual or entity <u>as part of a database of personal information regarding multiple individuals</u> and that causes, or the individual or entity reasonably believes has caused, or will cause, identity theft or other fraud to any resident of the Commonwealth.

Va. Code § 18.2-186.6(A)(emphasis added). The Buck Complaint alleges that an unknown third-party learned about the Closing by "intercept[ing] email exchanges between the Buck Parties and Altisource." (Buck Compl. at ¶ 16.) Alleged interception of email exchanges between two parties does not rise to the level of a breach of a database of personal information falling within the scope of the Notice Statute. Because the Buck Parties have failed to plead facts showing a violation of the Notice Statute, their claims for contribution and indemnification remain barred under the source of duty rule.

6

## II. THE BUCK PARTIES' CLAIMS ARE BARRED UNDER THE ECONOMIC LOSS RULE.

The Buck Parties argue that the economic loss rule does not bar their contribution and equitable indemnification claims because there is no contract between <u>Altisource and the Buck Parties</u>. The Buck Parties apparently misunderstand the derivative nature of their claims under Virginia law and focus on the wrong relationship. Their claims for contribution and equitable indemnification are derivative of Deutsche Bank's relationship to Altisource, which, as described in the Motion to Dismiss, are subject to the source of duty rule. (Altisource Memo. at 7-8, ECF No. 13.) Because Deutsche Bank's relationship to Altisource is contractual in nature, the economic rule also bars their claims for contribution and equitable indemnification. (*Id*. at 8. *See* Deutsche Bank Compl. at ¶ 9, ECF No. 1; Buck Compl. at ¶ 9, ECF No. 6.)

As noted by this Court in *Kohl's Dep't Stores, Inc. v. Target Stores, Inc.*, 214 F.R.D. 406, 414 (E.D. Va. 2003), "[u]nder Virginia law, contribution is available only where both the party seeking contribution, and the party from whom contribution is sought, are both liable to a third party for the same indivisible injury. Thus, in order for any claim for contribution to be properly pleaded under Virginia's substantive law, <u>the third-party complaint must reflect that the injured party must have a valid claim for redress of an indivisible injury against both the contribution plaintiff and the contribution defendant</u>." *Id*. (emphasis added).

To state a proper third-party claim for contribution, the Buck Parties must allege that Deutsche Bank has a valid claim for an indivisible injury against both the Buck Parties and Altisource. The contractual relationship between Altisource and the Buck Parties, or lack thereof, has no bearing on the viability of the Buck Parties' contribution claim. The duties and relationships relevant to the contribution claim are those between Altisource and Deutsche Bank. Because Altisource and Deutsche Bank's relationship is governed by contract, the economic loss

7

rule does, indeed, defeat the Buck Parties' attempt to "mitigate any loss on their part." (Response at 15, ECF No. 16.)

The Buck Parties' claim for equitable indemnification is likewise a derivative claim barred by the economic loss rule. To state a claim for equitable indemnification, the Buck Parties must allege facts showing that (1) Altisource's negligence <u>caused damages to Deutsche Bank</u> and (2) the Buck Parties are legally liable for those damages despite being without personal fault. *See Carr v. Home Ins. Co.*, 250 Va. 427, 429, 463 S.E.2d 457, 458 (1995). Accordingly, if the economic loss rule bars Deutsche Bank from recovering against the Altisource for negligence, the Buck Parties cannot state a valid claim for equitable indemnification.

**III.     THE PLEADINGS CLEARLY DEMONSTRATE THAT THE BUCK PARTIES ARE NOT WITHOUT PERSONAL FAULT.**

While acknowledging that their own fault would bar the indemnification claim, the Response argues that the claim for equitable indemnification should not be dismissed because there can be no finding of "fault" at this stage in the case. In support of this position, the Buck Parties posit that, "[a]ny factfinder will most likely conclude" their actions were reasonable in following the Fraudulent Closing Instructions provided by the unknown third-party." (Response at 17, ECF No. 16.) The Buck Parties urge the Court to ignore the pleadings already filed in this case. First, the pleadings show the Buck Parties did not wire the funds within "24 hours" as required by the Initial Wiring Instructions. (*See* Deutsche Bank Compl. at ¶ 12, Ex. 3, ECF No. 1; Buck Compl. at ¶ 17 and 19, ECF No. 6.) Moreover, the Buck Parties further concede they transferred funds pursuant to the Fraudulent Closing instructions received well <u>after</u> the date of the closing transaction from an unknown third-party with a distinguishable email address different from that belonging to Altisource employees. (*See* Buck Compl. at ¶¶ 16-18, ECF No. 6.) Accepting these publicly filed admissions, this Court could conclude, as a matter of law, that

the Buck Parties are not "without personal fault" and, thus, their indemnification claim should be dismissed.

## CONCLUSION

For the reasons set forth above and in the previously filed Memorandum in Support of Motion to Dismiss Third Party Plaintiffs' Complaint and those reasons that may be advanced at any oral argument on its Motion, Altisource respectfully requests that this Court grant its Motion to Dismiss and dismiss the Buck Complaint with prejudice and award any such other relief as this Honorable Court deems just.

Dated: May 21, 2018            Respectfully submitted,

ALTISOURCE PORTFOLIO SOLUTIONS, INC.

/s/
Christopher L. Perkins (VSB No. 41783)
Scott A. Siegner (VSB No. 89570)
LeClairRyan, PLLC
919 E. Main Street, 24th Floor
Richmond, Virginia 23219
Telephone: 804.783.7550
Facsimile: 804.783.7686
cperkins@leclairryan.com
scott.siegner@leclairryan.com

*Counsel for Altisource Portfolio Solutions, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2018, I will electronically file the foregoing using the CM/ECF system, which will then send a notification of such filing to:

Andrew Biondi, Esq.
SANDS ANDERSON PC
1111 East Main Street, Suite 2400 (23219)
Post Office Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
abiondi@sandsanderson.com

*Counsel for Craig Buck and
The Buck Law Firm, PC*

D. Kyle Deak, Esq.
TROUTMAN SANDERS LLP
434 Fayetteville Street, Suite 1900
Raleigh, North Carolina 27601
Telephone: (919) 835-4133
Facsimile: (919) 829-8725
kyle.deak@troutman.com

and

Jessica A. Clark, Esq.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7729
Facsimile: (757) 657-1510
jessica.clark@troutman.com

*Counsel for Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates Series INABS 2006-A*

      /s/
Christopher L. Perkins (Va. Bar No. 41783)
Scott A. Siegner (Va. Bar No. 89570)
LECLAIRRYAN PLLC
919 E. Main Street, 24th Floor
Richmond, Virginia 23219
Telephone: 804.783.7550
Facsimile: 804.783.7686
cperkins@leclairryan.com
scott.siegner@leclairryan.com
*Counsel for Altisource Portfolio Solutions, Inc.*